# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DARRYL PETLOCK,** | Civil Action No. 16-310 (FLW) |
| **Plaintiff,** | |
| v. | |
| | **MEMORANDUM AND ORDER** |
| **BARRY NADROWSKI, WARDEN M.C.C.I., et al.,** | |
| **Defendants.** | |

This matter has been opened to the court by Plaintiff's submission of a motion for a preliminary injunction (ECF No. 28), a motion for reconsideration of the Court's December 8, 2016 screening Order (ECF No. 29), and a motion for judicial decision. (ECF No. 44.) For the reasons explained below, the Court will deny all three motions.

The Court begins with the motion for a preliminary injunction. *Pro se* pleadings that seek emergency relief in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure. A preliminary injunction is an "extraordinary remedy" that should issue only in limited circumstances. *Rawls v. Pa. Dep't of Corr.*, 334 F. App'x. 462, 464 (3d Cir. 2009). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors: (1) the likelihood that the movant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the challenged conduct; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will

1

be in the public interest. *S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992) (citing *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197-98 (3d Cir. 1990)); if the record does not at least support a finding of both irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted. *Marxe v. Jackson*, 833 F.2d 1121 (3d Cir. 1987); *Ball v. Oden*, 396 F. App'x 886, 887 (3d Cir. 2010) (preliminary injunction is an extraordinary remedy, and the party seeking it must show, at a minimum, a likelihood of success on the merits and that she faces irreparable harm in the absence of the injunction). The moving party bears the burden of demonstrating these factors. *See Dorfman v. Moorhous*, 1993 WL 483166, *1 (E.D. Pa. 1993).

In his motion for a preliminary injunction, Plaintiff asks the Court to reinstate his requests for injunctive relief in his Amended Complaint and to order a hearing on Plaintiff's prior motions for an Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order. In its screening Opinion and Order dated December 8, 2016, the Court dismissed Plaintiff's requests for injunctive relief <u>without prejudice</u> based on Plaintiff's post-filing transfer from Monmouth County Correctional Institution ("M.C.C.I.") to Mercer County Correctional Institution. Plaintiff alleges in his motion for a preliminary injunction that he was transferred back to M.C.C.I. on May 31, 2017 and placed in the same cell under the same restrictive conditions. Plaintiff also alleges that he was transferred back to Mercer County Correctional Institution the following day on June 1, 2017. (*See* ECF No. 28-1, at 2.) Thus, his motion to "reinstate" his claims for injunctive relief is based on his one-day transfer to M.C.C.I. Plaintiff's motion papers were mailed from Mercer County Correctional Institution and his most recent communications with the Court show that he is still incarcerated at Mercer County Correctional Institution.

Here, Plaintiff has not shown irreparable injury or likelihood of success on the merits, as required for a preliminary injunction, and the Court finds that Plaintiff's <u>one-day transfer</u> to M.C.C.I. does not provide a basis for the Court to amend or reconsider its prior Order dismissing without prejudice his claims for injunctive relief or to order a hearing on Plaintiff's prior motions for injunctive relief. The Court's screening Opinion contemplated that Plaintiff could seek to amend his Complaint to add the claims for injunctive relief if he were transferred back to M.C.C.I. for an extended period – not for a single day. For these reasons, the Court will deny the motion for a preliminary injunction. If, during the pendency of this litigation, Plaintiff is transferred back to M.C.C.I. for an extended period of time and subject to the same offending conditions, the proper course of action is to file a motion to amend the Complaint to add his claims for injunctive relief.

Plaintiff also seeks "reconsideration" of the Court's December 8, 2016 screening Order. "[R]econsideration is an extraordinary remedy, that is granted very sparingly." *Brackett v. Ashcroft*, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5, 2003 WL 22303078 (D.N.J. Oct. 7, 2003). A court will grant a motion for reconsideration only if the movant establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact, or to prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Under Local Civil Rule 7.1(i), a party making a motion for reconsideration must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge ... has overlooked." D.N.J. Civ. R. 7.1(i). In other words, the movant may address only matters that were presented to the Court, but were not considered by the Court in making the decision at

issue. *United States v. Compaction Sys. Corp.*, 88 F.Supp.2d 339, 345 (D.N.J. 1999). Local Civil Rule 7.1(i) provides, "[u]nless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." *Zitter v. Petruccelli*, No. CV 15-6488 (NLH/KMW), 2017 WL 1837850, at *1 (D.N.J. May 8, 2017).

In this case, the Court issued its screening Opinion and Order on December 8, 2016, and Plaintiff did not submit his reconsideration motion to prison officials for filing until <u>six months</u> later on June 7, 2017. Plaintiff's motion is therefore untimely, and is denied on that basis.

Finally, Plaintiff has filed a motion for "Judicial Decision on Pending Motions." (ECF No. 44.) In light of the Court's denial of his pending motions, his motion for judicial decision is dismissed as moot.

IT IS THEREFORE, on this 19th day of January, 2018,

ORDERED that Plaintiff's motion for Preliminary Injunction, Temporary Restraining Order, Declaratory Relief, and Order to Show Cause is DENIED without prejudice (ECF No. 28; and it is further

ORDERED that Plaintiff's motion for Reconsideration of the Court's December 8, 2016 screening Order is DENIED as untimely (ECF No. 29); and it is further

ORDERED that Plaintiff's motion for "Judicial Decision on Pending Motions" is DISMISSED AS MOOT (ECF No. 44); and it is further

ORDERED that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff at the address on file.

/s/ *Freda L. Wolfson*
Freda L. Wolfson
United States District Judge