UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DARRYL PETLOCK,

    Plaintiff,

v.

BARRY NADROWSKI et al.,

    Defendants.

Civ. No. 16-310 (FLW) (TJB)

**MEMORANDUM AND ORDER**

Plaintiff, Darryl Petlock ("Petlock" or "Plaintiff"), is proceeding *pro se* with this civil rights action under 42 U.S.C. § 1983. On December 8, 2016, the Court issued an Opinion and Order screening Petlock's First Amended Complaint under 28 U.S.C. § 1915(e). (ECF Nos. 15 & 16.) At that time, I proceeded the bulk of Petlock's § 1983 claims,[1] but dismissed without prejudice (1) his claims for denial of access to the courts insofar as they concerned 2013 divorce and custody proceedings, civil cases filed in 2015, and a federal detainer,[2] (2) his claims seeking injunctive relief, as potentially moot, and (3) his claims for compensatory damages as barred

---

[1] It seems Petlock may be under the mistaken impression that the December 2016 screening Opinion and Order dismissed portions of his claims that were, in fact, proceeded. In his present motion brief, he contends that the Court overlooked his legal claims "(a)," "(b)," and "(c)," which are "listed in attachment (e), b1." (ECF No. 70-1 at 5.) These claims appear to pertain to limits on exercise time, which the Court proceeded as part of Petlock's conditions-of-confinement claim, (ECF No. 15 at 14.), to searches of Petlock and his cell, which the Court proceeded as a distinct claim, (*id.* at 14–16), and to restricted communications with Petlock's criminal attorney, which the Court proceeded as a distinct claim, (*id.* at 16–18).

[2] The Court permitted Petlock to proceed, however, with claims for denial of access to his criminal-defense attorney and denial of access to the courts in relation to his state criminal proceeding. (*See* ECF No. 15 at 16–18, 19–21.)

under 42 U.S.C. § 1997e(e).[3] (ECF No. 15 at 21–27; ECF No. 16 at 1–2.) At that time, Petlock was authorized to file a Second Amended Complaint within 30 days "to the extent [he] can provide facts that would cure the deficiencies as to those claims dismissed without prejudice" and to include "new allegations of misconduct referred to in his May 3, 2016 letter." (ECF No. 16 at 2.)

Petlock did not file a Second Amended Complaint within that 30-day period; rather, he filed other submissions with the Court. (*See* ECF Nos. 24, 25, 28.) On April 10, 2017, Defendants filed an Answer to the First Amended Complaint. (ECF No. 26.) On June 26, 2017, Petlock filed a motion to "alter or amend the judgment, or to reconsider" the Court's screening Opinion and Order of December 8, 2016. (ECF No. 29.) The Court issued a Memorandum and Opinion on January 19, 2018, which, among other things, noted that Local Civil Rule 7.1 requires a motion for reconsideration to be filed within 14 days of the original order and, therefore, dismissed Petlock's motion as untimely, since it was filed six months after the screening Opinion and Order. (ECF No. 50 at 3–4.)

On July 27, 2018, Petlock filed what he titled a "motion for leave to file an amended complaint." (ECF No. 70.) Despite that title, Petlock devotes the bulk of his six-page brief to arguments that the Court's screening Opinion and Order or the denial of Petlock's motion for reconsideration were wrongly decided. (*See* ECF No. 70-1.) Essentially, he is asking the Court to reconsider the Memorandum and Order that denied his last motion for reconsideration. Given the arguments Petlock makes, the Court construes this motion as one for reconsideration. It is, however, defective for the same reason as Petlock's last reconsideration motion: it was filed six

---

[3] But Petlock was permitted to proceed with claims for nominal and punitive damages. (*See* ECF No. 15 at 27–28.)

months after the order it challenges and well after the 14-day deadline set by Local Civil Rule 7.1.[4] Accordingly, reconsideration is denied.

While Petlock does include with his motion a proposed amended pleading, (*see* ECF No. 70-3), he does not provide any explanation of the amendments he proposes,[5] fails to explain why amendment is justified at this time, and has not included a version of the proposed amended pleading that "indicate[s] in what respect(s) it differs from the pleading which it proposes to amend," as required by Local Civil Rule 15.1. (*See* ECF No. 70.) Given these defects, and Petlock's central focus on the alleged errors of the Court's prior orders, the Court cannot treat this as a proper motion to amend his pleading. Petlock may, if he still seeks amendment, file a proper motion to amend, under Federal Rule of Civil Procedure 15 and Local Civil Rule 15.1, within 60 days.

Accordingly, IT IS, on this 28th day of February 2019,

---

[4] The Court further notes that, while Petlock makes clear that he would like to have had the prior reconsideration decided on its merits, he does not make any showing that the Court erred in denying it as untimely. (*See* ECF No. 70-1.)

[5] It seems Petlock seeks to remedy deficiencies which led to dismissal of some of his claims in the Court's December 2016 screening Opinion and Order. (*See* ECF No. 70-1.) At that time, Petlock was granted to leave to file an amended pleading to correct those deficiencies within 30 days. (ECF No. 16 at 2.) Petlock missed that deadline, and he made no attempt to file corrective amendments until the instant motion, filed 18 months after the deadline elapsed. In any event, the proposed amended pleading does not, in fact, remedy any of the defects that caused certain claims to be dismissed. Petlock still does not allege any facts that could show that he lost an opportunity to advance "non-frivolous or arguable" legal claims in his divorce/custody proceeding or 2015 civil suits, nor has he shown a non-speculative actual injury related to his federal detainer. (*See* ECF No. 15 at 23; ECF No. 70-3 at 20–25.) Petlock has not demonstrated that his claims for injunctive relief are no longer moot—indeed, he appears to still be incarcerated at the Mercer County Correctional Institution, and injunctions against the administrators of the Monmouth County Correctional Institution would thus afford him no benefit. (*See* ECF No. 15 at 25.) Petlock has still not alleged any specific physical injury to justify compensatory damages, pleading merely a conclusory "total physical deterioration." (*See* ECF No. 15 at 25–27; ECF No. 70-3 at 10.) Instead of substantively correcting the deficiencies the Court identified, Petlock simply continues to argue that the Court's prior findings were errorenous.

3

ORDERED that Plaintiff's motion presently pending before the Court, (ECF No. 70), is construed as a motion seeking reconsideration of the Court's Memorandum and Order of January 19, 2018 (ECF No. 50) or the Court's Opinion and Order of December 8, 2016 (ECF Nos. 15 & 16), and reconsideration is DENIED; and it is further

ORDERED that, if Plaintiff seeks to file an amended pleading, he may file a motion for leave to amend, which must fully comply with the requirements of Federal Rule of Civil Procedure 15 and Local Civil Rule 15.1, within 60 days of the date this Memorandum and Order is entered; and it is further

ORDERED that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff by regular U.S. mail.

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge