# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARRYL PETLOCK, | Civil Action No. 16-310 (FLW) |
| Plaintiff, | |
| v. | |
| | MEMORANDUM AND ORDER |
| BARRY NADROWSKI, WARDEN M.C.C.I., et al., | |
| Defendants. | |

This matter has been opened to the Court by Defendants' motion to dismiss Plaintiff's Second Amended Complaint, which asserts claims for relief pursuant to 42 U.S.C. § 1983 in connection with Plaintiff's pretrial detention in protective custody at Monmouth County Correctional Institution ("MCCI"). ECF Nos. 91, 121. It appearing that:

On August 14, 2020, the Court granted in part and denied in part Plaintiff's motion to amend, ECF No. 91, and directed the Clerk of the Court to file Plaintiff's Second Amended Complaint add the County of Monmouth to the docket as a Defendant. *See* ECF No. 118. Defendants Barry Nadrowski, Shaun Golden, and County of Monmouth ("Defendants") subsequently filed a motion to dismiss Plaintiff's Second Amended Complaint on September 16, 2020. *See* ECF No. 122.

Plaintiff wrote to the Court seeking a stay and/or an extension of time within which to file his brief opposing Defendants' motion to dismiss, citing his imminent transfer to the Bureau of Prisons, the COVID-19 lockdown, and his pending appeal of the sentence imposed in connection with his federal violation of supervised release ("VOSR"). *See* ECF Nos. 122, 126. The Court provided Plaintiff with two extensions of time; the Court's latter Order was issued on October

1

22, 2020, and it provided that Plaintiff's opposition brief was due on December 18, 2020. ECF Nos. 125-127.

Plaintiff did not file his opposition brief as instructed by the Court, but he did file a notice of change of address indicating that he was transferred on November 23, 2020 to FCI Schuykill; Plaintiff submitted a second notice of change of address, indicating that he was not permitted to bring his legal papers when he was transferred. *See* ECF No. 18-128. On January 21, 2021, Plaintiff submitted another letter asking for a copy of the docket sheet. ECF No. 130. None of Plaintiff's letter submissions refer to the Court's October 22, 2020 Order directing Plaintiff to file his opposition by December 18, 2020. A search of the Bureau of Prisons Federal Inmate Locator indicates that Plaintiff is still confined at FCI Schuykill, but his address on the docket appears incomplete.[1]

Defendants have moved for dismissal of the entire Second Amended Complaint and have raised the defense of qualified immunity. In light Plaintiff's pro se status and the difficulties he has encountered, the Court will provide Plaintiff with a <u>final opportunity</u> to oppose Defendants' motion to dismiss his Second Amended Complaint, prior to ruling on the motion.

As explained below, the Court will also require Defendants to submit supplemental briefing on the issue of whether Defendants Nadrowski and Golden are entitled to qualified immunity on Plaintiff's § 1983 claims for damages in their personal capacities.

An award of qualified immunity protects a government official from civil liability and suit "insofar as [his] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818

---

[1] Federal Bureau of Prisons Inmate Locator, available at https://www.bop.gov/inmateloc/, last visited April 28, 2021.

(1982). Courts apply a two-part test to qualified immunity defenses: "We first determine whether a right has been violated. If it has, we then must decide if the right at issue was clearly established when violated such that it would have been clear to a reasonable person that her conduct was unlawful." *Williams v. Secretary Pennsylvania Department of Corrections*, 848 F.3d 549, 557 (3d Cir. 2017). Pursuant to the Supreme Court's explanation in *Pearson v. Callahan*, those inquiries need not be addressed in sequence; instead, courts are entitled to "exercise their sound discretion" and decide which issue to first address. *See* 555 U.S. 223, 236 (2009). The defendant official is entitled to qualified immunity if either prong is not satisfied. *See id.* at 244-45.

"While the plaintiff must sufficiently plead a violation, the burden is on the defendants to establish they are entitled to qualified immunity." *E. D. v. Sharkey*, 928 F.3d 299, 306 (3d Cir. 2019). "Officials demonstrate they are entitled to qualified immunity only if they can show that a reasonable person in their position at the relevant time could have believed, in light of clearly established law, that their conduct comported with recognized legal standards." *Id.* The second prong of the "qualified immunity analysis looks through the rearview window, not the windshield." *Williams*, 848 F.3d at 570. "The inquiry focuses on the state of the relevant law when the violation allegedly occurred." *Id.* "To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent." *D.C. v. Wesby*, 138 S. Ct. 577, 589 (2018). In other words, "[t]he rule must be 'settled law,' which means it is dictated by 'controlling authority' or 'a robust 'consensus of cases of persuasive authority.'" *Id.* at 589–90 (internal citations omitted). "It is not enough that the rule is suggested by then-existing precedent." *Id.* at 590. Rather, "[t]he precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Id.* Still,

3

"the facts of the existing precedent need not perfectly match the circumstances of the dispute in which the question arises." *Williams*, 848 F.3d at 570.

In some cases, "a general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question, even though the very action in question has [not] previously been held unlawful." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002) (quoting *United States v. Lanier*, 520 U.S. 259, 271 (brackets in original) (internal quotation marks and citation omitted). That is, "officials can still be on notice that their conduct violates established law even in novel factual circumstances" as long as the law gives the officials "fair warning" that their treatment of the inmate is unconstitutional. *Id.*

The Third Circuit "look[s] to the Supreme Court, [The Third] Circuit, and [its] sister circuits to determine whether a right is clearly established:

> In conducting the inquiry into whether a right is clearly established, we look first for applicable Supreme Court precedent. If none exists, we consider whether there is a case of controlling authority in our jurisdiction or a robust consensus of cases of persuasive authority in the Courts of Appeals that could clearly establish a right for purposes of qualified immunity.

*Porter v. Pennsylvania Department of Corrections*, 974 F.3d 431, 449 (3d Cir. 2020) (quoting *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 142 (3d Cir. 2017) (internal citations, quotation marks, and alterations omitted)). The Third Circuit also "examine[s] persuasive authorities, such as [its] nonprecedential opinions" in addition to decisions from other Courts of Appeals. *See James v. New Jersey State Police*, 957 F.3d 165, 170 (3d Cir. 2020) (quoting *L.R. v. Sch. Dist. of Phila.*, 836 F.3d 235, 247–48 (3d Cir. 2016)). The Court may consider all relevant decisions under this inquiry, not just those cited by the parties. *Id.* (citing *Elder v. Holloway*, 510 U.S. 510, 516 (1994)).

Here, Defendants broadly argue that Defendants Nadrowski and Golden are entitled to qualified immunity as to Plaintiff's alleged Fourteenth Amendment claims stemming from Plaintiff's conditions of confinement in protective custody (as to both the restrictive nature of the conditions and the duration), the alleged harassing searches of Plaintiff's person and cell, Plaintiff's "class of one" equal protection claims, Plaintiff's Sixth Amendment right to counsel claims, and Plaintiff's access to the courts claim in connection with his criminal case. *See* Defendant's Moving Brief at 27. Although Defendants rely on prong two of the qualified immunity analysis, they do not attempt to define the rights at issue with any specificity, and do not sufficiently analyze whether there is any clearly established <u>federal law</u> that would have put Defendants' on notice that their conduct violated Plaintiff's constitutional rights.[2]

Prior to providing Plaintiff with a final opportunity to submit his opposition brief, the Court will direct Defendants to provide supplemental briefing to clarify and supplement their qualified immunity arguments with the relevant legal analysis. Defendants shall also serve a copy of their supplemental briefing on Plaintiff at his correct address. The Court will

---

[2] Defendants cite very generally to *Hubbard v. Taylor*, 399 F.3d 150 (3d Cir. 2005), and *Bell v. Wolfish*, 441 U.S. 520 (1979), for the proposition that MCCI's protective custody policies do not amount to punishment, and attempt to distinguish the Third Circuit's nonprecedential decision in *Southerland v. County of Hudson*, 523 F. App'x. 919, 922 (3d Cir. 2013) (vacating dismissal of plaintiff's claim that his pretrial confinement conditions constituted "punishment" under the Due Process Clause of the Fourteenth Amendment, and remanding for further proceedings). Defendants do not analyze the relevant legal test for qualified immunity, *i.e.*, whether there is any controlling Supreme Court, Third Circuit, and/or consensus of circuit authority, or other decisions that would have placed Defendants on notice that their conduct was unlawful. Nor do Defendants consider any federal decisions where qualified immunity was granted or denied to defendants under similar circumstances. Instead, Defendants assert that they are entitled to qualified immunity because it would not have been clear to Nadrowski or Golden during the relevant time period that MCCI's protective custody policies were illegal because New Jersey had not yet enacted laws restricting solitary confinement. Although the lack of clearly established New Jersey law on the issue may be relevant, it is not dispositive.

ADMINISTRATIVELY TERMINATE the motion to dismiss pending the supplemental briefing. The Court will reactive Defendants' motion to dismiss once the briefing is complete.

Plaintiff is hereby notified that he must submit his opposition brief within 30 days of his receipt of the Defendants supplemental brief on qualified immunity, and, absent extraordinary circumstances, the Court will not provide additional extensions of time. If Plaintiff fails to submit his opposition within the timeframe set forth in this Memorandum and Order, the Court will consider the motion to dismiss as unopposed.

**IT IS, THEREFORE**, on this 29th day of April 2021,

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE Defendants' motion to dismiss pending at ECF No. 121 pending the completion of supplemental briefing; and it is further

**ORDERED** that within 30 days of the date of this Order, Defendants shall submit supplemental briefing to clarify their qualified immunity arguments and provide the relevant legal analysis; and it is further

**ORDERED** that Defendants shall serve a copy of their supplemental brief on Plaintiff at his correct address; and it is further

**ORDERED** that within 30 days of Plaintiff's receipt of Defendants' supplemental brief, Plaintiff shall submit his opposition brief to prison officials for filing; no further extensions shall be provided absent extraordinary circumstances; and it is further

**ORDERED** that within 10 days of the filing of Plaintiff's opposition brief, Defendants may submit a reply brief; and it is further

**ORDERED** that the Clerk of the Court shall correct Plaintiff's address to read DARRYL E. PETLOCK, 90656-038, FCI SCHUYLKILL FEDERAL CORRECTIONAL INSTITUTION,

P.O. BOX 759, MINERSVILLE, PA 17954, and send a copy of this Memorandum and Order to Plaintiff by regular mail; and it is further

**ORDERED** that the Clerk of the Court shall also send Plaintiff a copy of Defendants' moving brief in support of their motion to dismiss, ECF No. 121-1, and the Certification of Robyn B. Gigl, Esq. with the accompanying exhibits, ECF No. 121-2, by regular mail.

_____

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge